United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK JAMES TAYLOR,                          No. C 08-04776 CW (PR)

            Plaintiff,                      ORDER OF DISMISSAL

      v.

CALIFORNIA DEPARTMENT OF JUSTICE,
et al.,

            Defendants.
_____/

     Plaintiff is a prisoner of the State of California who is
incarcerated at Pleasant Valley State Prison.  He has filed a pro
se petition for a writ of mandamus.  He has also filed an
application for in forma pauperis status.

                           BACKGROUND

     On November 20, 1997, Plaintiff was sentenced to nineteen
years to life in prison for second degree murder with the use of a
firearm.  He contends that a writ of mandamus is the proper vehicle
by which to compel Defendants, specifically the "Department of
Justice and the Hayward Police Department (Investigating Agency in
Case Number H22782)," to "provide Petitioner with all evidence
obtained in the investigation of said case."  (Pet. for Writ of
Mandamus at 1 (emphasis in original).)  Plaintiff claims that
Defendants' failure to "provide [him] with all the evidence
obtained in the investigation of Case No. H22782 violates [his]
right of access to said information pursuant to the California
Public Records Act, and . . . the First Amendment right to receive

United States District Court
For the Northern District of California

1  information and the Due Process Clauses to both the state and

2  federal constitutions."  (Id. at 6.)

3                            DISCUSSION

4  I.   Standard

5       Federal courts must engage in a preliminary screening of cases

6  in which prisoners seek redress from a governmental entity or

7  officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The Court must identify cognizable claims or dismiss

9  the complaint, or any portion of the complaint, if the complaint

10  "is frivolous, malicious, or fails to state a claim upon which

11  relief may be granted," or "seeks monetary relief from a defendant

12  who is immune from such relief."  Id. § 1915A(b).  However, pro se

13  pleadings must be liberally construed.  Balistreri v. Pacifica

14  Police Dep't, 901 F.2d, 696 699 (9th Cir. 1990).

15  II.  Writ of Mandamus

16       The federal mandamus statute provides: "The district courts

17  shall have original jurisdiction of any action in the nature of

18  mandamus to compel an officer or employee of the United States or

19  any agency thereof to perform a duty owed to the plaintiff."  28

20  U.S.C. § 1361.  Mandamus relief is an extraordinary remedy,

21  however.  It is available to compel a federal officer to perform a

22  duty only if: (1) the plaintiff's claim is clear and certain;

23  (2) the duty of the officer is ministerial and so plainly

24  prescribed as to be free from doubt; and (3) no other adequate

25  remedy is available.  See Fallini v. Hodel, 783 F.2d 1343, 1345

26  (9th Cir. 1986).

27       The Court has no authority to take the actions requested by

28  Plaintiff against Defendants, who are state actors, by way of a

                                 2

United States District Court
For the Northern District of California

1  writ of mandamus.  Federal courts are without power to issue

2  mandamus to direct state courts, state judicial officers, or other

3  state officials in the performance of their duties.  A petition for

4  mandamus to compel a state court or official to take or refrain

5  from some action is frivolous as a matter of law.  See Demos v.

6  U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert.

7  denied, 498 U.S. 1123 (1991); see also In re Campbell, 264 F.3d

8  730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus

9  that would order state trial court to give plaintiff access to

10  certain trial transcripts which he sought in preparation for filing

11  state post-conviction petition; federal court may not, as a general

12  rule, issue mandamus to a state judicial officer to control or

13  interfere with state court litigation).  Plaintiff's mandamus

14  remedy, if any, lies in state court.

15                          CONCLUSION

16      For the foregoing reasons,

17      1.   Plaintiff's petition for a writ of mandamus is DISMISSED

18  for failure to state a claim upon which relief may be granted.  28

19  U.S.C. § 1915A.

20      2.   Plaintiff's application for in forma pauperis status is

21  GRANTED.

22      3.   The Clerk of the Court shall issue a judgment in

23  accordance with this Order and close the file.

24      4.   This Order terminates Docket no. 4.

25      IT IS SO ORDERED.

26  Dated:  6/23/09                  _____

27                                   CLAUDIA WILKEN
                                     UNITED STATES DISTRICT JUDGE

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARK JAMES TAYLOR,

        Plaintiff,

  v.

COURT OF APPEAL et al,

        Defendant.

_____/

Case Number: CV08-04776 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark James Taylor K76265
CSP-Pleasant Valley State Prison
P.O. Box 8502
Coalinga,  CA 93210

Dated: June 23, 2009

                    Richard W. Wieking, Clerk
                    By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4